The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr., and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * * * *
Prior to hearing the parties entered into a Pre-Trial Agreement, which is hereby incorporated by reference herein and where they agreed to a number of jurisdictional and other factual stipulations including the fact that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 16 January 1991.
* * * * * * * * * * * * *
FINDINGS OF FACT
1. At the time of the initial hearing before Deputy Commissioner Shuping plaintiff was a thirty (30) year old male. He has a high school education as well as two years vocational training in auto mechanics. His primary vocation has involved either mechanics or sign work.
2. In the Fall of 1988 plaintiff began working for defendant-employer Best Signs and Service as a sign mechanic. Plaintiff's duties as a sign mechanic included field service work, installing signs, fabricating signs and channeling letters in the premises shop. These duties required driving to various job sites, operating the crane truck, handling sheet metal, aluminum and plywood sheets weighing twenty-five to fifty (25 to 50) pounds, painting, setting up ladders weighing up to fifty (50) pounds and operating various tools and equipment, including a jack hammer on occasion to break up cement, among other activities.
3. On 16 January 1991, plaintiff lifted a heavy air compressor and experienced the onset of pain in his lower back. Plaintiff immediately sought medical attention and was excused from work. Plaintiff was released to return to work on January 21, 1991 with no lifting of over thirty pounds. Defendants admitted the compensability of plaintiff's injury and the Full Commission finds that this was a specific traumatic incident that resulted in disability. Plaintiff's compensable injury resulted in chronic lumbar sprain/strain manifested by lower back pain.
4. Following his injury, plaintiff did return to work on January 21, 1995. Although plaintiff's back pain improved to some degree while he was out of work, the improvement stopped after he returned to work. Since that time, plaintiff's pain waxes and wanes but it has never completely dissipated. Plaintiff's symptoms increase as the strain on his back increases. As a result of the pain in his back, which was aggravated by the work defendant-employer asked him to do, plaintiff missed work intermittently through June 17, 1991, when he finally quit after realizing that he could no longer perform the job on a consistent basis. When plaintiff did work, he tried to get assistance with lifting but could not get the help he needed and as a result, was not able to function at the same level as before his injury.
5. As the result of plaintiff's 16 January 1991 injury by accident to his back he was unable to earn wages in his former position with defendant-employer or in any other employment from 17 January 1991 through 20 January 1991 and from 18 June 1991 through 20 June 1991.
6. Plaintiff then moved to Greeneburg, Kentucky in order to take a job with Action Sign Company, where he would be able to perform less strenuous work and would have the support of his family nearby. Plaintiff's new job included fabrication of signs but his new employer provided him with assistance in lifting and allowed plaintiff flexibility in terms of selecting the work he felt he could perform and in terms of allowing plaintiff to clock out and take breaks as needed.
7. After moving to Kentucky, plaintiff came under the care of Dr. Robert F. Baker upon referral of a rehabilitation nurse hired by defendant-carrier. Dr. Baker felt that plaintiff was suffering from chronic low back sprain resulting from the January 16, 1991 incident.
8. On July 20, 1991, plaintiff started a new job with Campbellsville Firestone in Campbellsville, Kentucky because it was supposed to be lighter work. Nevertheless, the work continued to aggravate plaintiff's back and plaintiff was required to perform heavier tasks from time to time, such as changing tires on automobiles. By June 4, 1992, Dr. Baker recommended that plaintiff change jobs again.
9. Because of continued chronic low back pain as the result of his 16 January 1991 injury by accident, after he returned to Kentucky plaintiff sought an evaluation by orthopedic surgeon Dr. Carl W. Hubbard which was arranged by defendants. Later, plaintiff informed defendants he was unsatisfied with Dr. Hubbard and requested that he be sent to a physician near Louisville.
10. On the recommendation of plaintiff's rehabilitation counselor, Ms. Kitty Lambert, defendants selected Dr. Robert Baker to be plaintiff's next treating physician.
11. By 20 November 1991, and despite his flexibility at work, plaintiff would experience severe and debilitating pain following particularly hard days. On said date Dr. Baker diagnosed plaintiff with chronic low back sprain and suggested the use of a back brace at work.
12. By the 22 January 1992 plaintiff's chance of recovering to a point where he no longer experienced chronic pain was not good. Further, as the result of plaintiff's condition he was more susceptible to re-injuring his back. Plaintiff's regular work at Firestone continued to aggravate his injury and he was on occasion required to perform even more strenuous work such as changing tires.
13. At the direction of Dr. Baker plaintiff quit his job at Firestone and began working for Western Auto on 6 July 1992. For approximately three weeks plaintiff's duties at Western Auto were light and manageable. After this initial period plaintiff was asked to do more and more lifting which continued to aggravate his low back injury.
14. As the result of his 16 January 1991 injury by accident while employed by defendant-employer plaintiff has experienced ongoing flare-ups of his low back injury and resulting pain since said date and continuing. When Dr. Baker examined plaintiff in March 1994 he found plaintiff's condition unchanged in that he was still experiencing chronic painful episodes.
15. On 25 August 1992, while assisting with the delivery of a dishwasher for Western Auto, plaintiff bent over attempting to dislodge a dolly which had been caught beneath the appliance when he felt the same type of pain in the same region of his back that he had experienced on 16 January 1991.
16. Prior to the 25 August 1992 incident plaintiff's most severe flare-ups were less frequent, there being periods when the pain was manageable. However, following said date plaintiff's pain and complaints became more constant. Following the incident on 25 August 1992 plaintiff's condition temporarily changed for the worse. By Dr. Baker's 1994 examination plaintiff had returned to his former, less constant, pattern of recurring flare-ups of low back pain.
17. On 25 August 1992 plaintiff sustained a substantial change of condition for the worse, which his treating physician attributed to the original injury of 16 January 1991, saying plaintiff's back had not healed and probably would never heal. As the result of his substantial change of condition for the worse, plaintiff was unable to earn wages in any employment from 26 August 1992 through 31 December 1992.
18. In January 1993 plaintiff returned to work for Action Sign Company where he again had the benefit of flexible duties and hours. In March of 1993 plaintiff took a part-time job with Johnson's Custom Signs where his primary duty was painting racing cars with an airbrush. Plaintiff worked at Johnson's part-time for about seven months while continuing to work part-time for Action. During the period plaintiff worked for Johnson's he continued to experience chronic low back pain. After leaving Johnson's plaintiff increased his hours for Action Signs. His wages in these positions were less than that which he earned in his former position for defendant-employer.
19. As the result of his 16 January 1991 injury by accident plaintiff has been capable of earning some wages, but less than what he earned in his former position for defendant-employer from 1 January 1993 and continuing.
20. When he went to be examined by Dr. Baker in November 1991 plaintiff was not exercising his right to a second opinion under G.S. § 97-27(b). It was defendants and not plaintiff who chose Dr. Baker and plaintiff's expression of a desire to be treated by a doctor near Louisville does not equate with him exercising his right to a second medical opinion under the Act.
21. Plaintiff's Form 18 was received at the Industrial Commission on 15 January 1993 and thus his claim was filed within two years of the date of his injury by accident thereby giving the Industrial Commission jurisdiction.
22. Plaintiff's average weekly wage on 16 January 1991 was $408.53, yielding a compensation rate of $272.49.
23. At the close of the initial hearing, Deputy Commissioner Lawrence B. Shuping, Jr. ruled that the costs of depositions for lay witnesses should abide the result. Plaintiff therefore initially bore the cost of the deposition for Ms. Annette Sizemore, whose testimony corroborated plaintiff's on the issue of the filing of the Form 18. With the filing of this Opinion and Award and plaintiff prevailing, the Full Commission finds that defendants should now bear the cost of the deposition of Ms. Annette Sizemore and should reimburse plaintiff for the same.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's claim was timely filed and the Industrial Commission has jurisdiction over the same. G.S. § 97-24(a).
2. As the result his 16 January 1991 injury by accident, plaintiff is entitled to be paid by defendants temporary total disability compensation at the rate of $272.49 per week for the periods from 17 January 1991 through 20 January 1991 and from 18 June 1991 through 20 June 1991, subject to the attorney's fee hereinafter approved. G.S. § 97-29.
3. As the result his 16 January 1991 injury by accident and 25 August 1992 substantial change of condition for the worse, plaintiff is entitled to be paid by defendants temporary total disability compensation at the rate of $272.49 per week from 26 August 1992 through 31 December 1992, subject to the attorney's fee hereinafter approved. G.S. § 97-29.
4. As the result of his 16 January 1991 injury by accident, plaintiff is entitled to be paid by defendants temporary partial disability compensation at the weekly rate of two-thirds the difference between his average weekly wage on 16 January 1991, the date of injury, and his capacity to earn an average weekly wage on 1 January 1993 and continuing thereafter for three-hundred (300) weeks from 16 January 1991, less the periods for which he received temporary total disability compensation. This compensation is subject to the attorney's fee hereinafter approved. G.S. § 97-29; G.S. § 97-30.
5. Plaintiff is entitled to a second opinion from a doctor of his choosing regarding his rating for permanent partial disability, if any, resulting from his 16 January 1991 injury by accident, to be paid for by defendant. If an award of permanent partial disability compensation is made, it shall be subject to the attorney's fee hereinafter approved. G.S. § 97-27(b); G.S. § 97-31(23).
6. As the result of his 16 January 1991 injury by accident plaintiff is entitled to have defendants pay for all reasonable medical expenses incurred or to be incurred by reason of the injuries sustained. G.S. § 97-25.
7. Plaintiff is entitled to have defendants reimburse him for the cost of the deposition of Ms. Annette Sizemore, a lay witness, which plaintiff had initially bore.
8. Although plaintiff returned to work, his back continued to bother him and his back has never healed. His back injury of 16 January 1991 made him more susceptible to re-injury at the same place, similar to the fractured bone in Heatherly v. MontgomeryComponents, Inc., 71 N.C. App. 377, 323 S.E.2d 29 (1984). Thus, the injury of 25 August 1992 was the direct result of the injury of 16 January 1991 and was not the result of an independent intervening cause attributable to the employee's own intentional conduct. Horne v. Universal Leaf Tobacco Processors, 119 N.C. App. 682,459 S.E.2d 797 (1995); Dalton v. Anvil Knitwear, 119 N.C. App. 275,458 S.E.2d 251 (1995). According to the medical evidence, had the injury of 16 January 1991 not occurred the incident of 25 August 1992 would not have resulted in an injury.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay temporary total disability compensation to plaintiff at the rate of $272.49 per week for the periods 17 January 1991 through 20 January 1991, 18 June 1991 through 20 June 1991 and from 26 August 1992 through 31 December 1992.
2. Defendant shall pay temporary partial disability compensation at the weekly rate of two-thirds the difference between his average weekly wage on 16 January 1991 and his capacity to earn an average weekly wage on 1 January 1993 and continuing thereafter for three-hundred (300) weeks from the date of plaintiff's injury on 16 January 1991, less the periods for which he received temporary total disability compensation.
3. Defendant shall pay for all reasonable medical expenses incurred or to be incurred as the result of plaintiff's 16 January 1991 injury by accident.
4. Defendant shall pay the costs, including if not previously paid a deposition fee of $200.00 for Dr. Robert Baker. Defendants shall also bear the cost of the deposition of Ms. Annette Sizemore by reimbursing plaintiff for the same.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ COY M. VANCE COMMISSIONER
DISSENTING:
(See Dissenting Opinion)
S/ __________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER